Murphy v. Cayuga Medical Center

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of March, two thousand eighteen.

PRESENT:  DENNIS JACOBS,
          DEBRA ANN LIVINGSTON,
                    **Circuit Judges**,
          PAMELA K. CHEN,
                    **District Judge**.[1]

- - - - - - - - - - - - - - - - - -X
PAUL J. MURPHY, Regional Director of the
Third Region of the National Labor Relations
Board, for and on behalf of the NATIONAL
LABOR RELATIONS BOARD,
          **Petitioner-Appellee**,

---

[1] Judge Pamela K. Chen, District Court Judge of the United States District Court for the Eastern District of New York, sitting by designation.

-v.- 17-837

**CAYUGA MEDICAL CENTER OF ITHACA,**
  <u>Respondent-Appellant.</u>

- - - - - - - - - - - - - - - - - X

FOR APPELLANT:         Erin S. Torcello, (Raymond J.
                 Pascucci and Tyler Thomas Hendry,
                 <u>on the brief</u>), Bond, Schoeneck &
                 King, PLLC, Buffalo, NY.

FOR APPELLEE:          Dorit Y. Radzin, Attorney (Elinor L.
                 Merberg, Assistant General Counsel,
                 and Laura T. Vazquez, Deputy
                 Assistant General Counsel, <u>on the
                 brief</u>), National Labor Relations
                 Board, Washington, D.C.

Appeal from a decision and order of the United States District Court for the Northern District of New York (McAvoy, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the decision of the district court be **VACATED and REMANDED**.

Respondent-appellant Cayuga Medical Center of Ithaca ("CMC") appeals from a March 22, 2017 decision and order of the United States District Court for the Northern District of New York, which granted the petition of the Regional Director for the Region Three of the National Labor Relations Board ("NLRB") Paul J. Murphy, seeking a preliminary injunction pursuant to Section 10(j) of the National Labor Relations Act ("the Act"). CMC argues on appeal that the district court abused its discretion by: (1) finding reasonable cause that CMC committed an unfair labor practice despite Region Three's failure to submit any evidence supporting its contention; and (2) refusing to consider patient safety and other

2

equities when determining whether injunctive relief is "just and proper."  CMC also urges this panel to reconsider this Circuit's two-pronged test for evaluating Section 10(j) injunctive relief.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"In this Circuit, in order to issue a § 10(j) injunction, the district court must apply a two-prong test.  First, the court must find reasonable cause to believe that unfair labor practices have been committed.  Second, the court must find that the requested relief is just and proper."  Hoffman ex rel. N.L.R.B. v. Inn Credible Caterers, Ltd., 247 F.3d 360, 364–65 (2d Cir. 2001).  When conducting the Section 10(j) test, courts give "[a]ppropriate deference" to the NLRB Regional Director, Silverman v. Major League Baseball Player Relations Comm., Inc., 67 F.3d 1054, 1059 (2d Cir. 1995), such that "the Regional Director's version of the facts should be sustained if within the range of rationality . . . inferences from the facts should be drawn in favor of the" Region, and "even on issues of law, the district court should be hospitable to the views of the General Counsel, however novel," Kaynard v. Mego Corp., 633 F.2d 1026, 1031 (2d Cir. 1980) (internal citation and quotation marks omitted).  "[W]e are bound by the district court's findings of fact unless they are clearly erroneous and . . . we review fully all conclusions of law, including findings of reasonable cause."  Hoffman, 247 F.3d at 364.

1.      The question under the first prong of the Section 10(j) test is whether reasonable cause exists to conclude that CMC committed an unfair labor practice. CMC contends that Region Three submitted no evidence in support of its petition, and did not submit the administrative record from the ongoing NLRB proceedings against CMC.

To establish whether reasonable cause exists that an employee's termination violated the Act, a district court applies the Wright Line test.  See Dir., Office of Workers' Comp. Programs, Dep't of Labor v. Greenwich Collieries, 512 U.S. 267, 276 (1994).  Under the Wright Line test, the NLRB "General Counsel must first present evidence that proves that protected conduct was a motivating factor in the discharge."  N.L.R.B. v. G & T Terminal Packaging Co., 246 F.3d 103, 116 (2d Cir. 2001).  Then, "[i]f this burden of persuasion is met, the employer

3

may avoid liability only if it demonstrates by a preponderance of the evidence 'that it would have reached the same decision absent the protected conduct.'" Id. (internal citation omitted).   "The district court does not need to make a final determination whether the conduct in question constitutes an unfair labor practice; reasonable cause to support such a conclusion is sufficient."   Hoffman, 247 F.3d at 365.   "The Board may consider direct or circumstantial evidence that an employee's protected activities motivated the employer's action of discharging him." G & T Terminal Packaging Co., 246 F.3d at 116.   "We review the district court's determination of whether relief is just and proper for abuse of discretion." Hoffman, 247 F.3d at 364.

Contrary to CMC's argument, Region Three did submit evidence to support its claim that reasonable cause exists.   In addition to its Memorandum of Law, Region Three submitted a declaration from the Regional Director, affidavits from other nurses who are employed by CMC (see Exh.'s F-H, K), an affidavit from a union official involved in the CMC union drive (see Exh. J), and the Administrative Law Judge's decision from a prior NLRB proceeding against CMC for taking adverse employment actions against Ms. Marshall (see Exh. I).

What CMC may mean is that a review of the administrative record would support the view that the nurses would have been terminated regardless of their protected activity.   "With respect to issues of fact, the Regional Director should be given the benefit of the doubt."   Kaynard v. Palby Lingerie, Inc., 625 F.2d 1047, 1051 (2d Cir. 1980) (internal citation and quotation marks omitted).   We need not determine whether the administrative record was needed or not to sustain the reasonable cause determination because, in view of the necessary remand for the "just and proper" analysis, the opportunity arises for the previously proffered administrative record to be submitted by Region Three.

**2.**      CMC next argues that the district court abused its discretion in finding that injunctive relief was "just and proper."   CMC contends that the district court misapplied the "just and proper" test by ignoring the balance of equities, including patient safety.   We agree.

The district court, citing our precedent in <u>Kreisberg v. HealthBridge Mgmt., LLC</u>, 732 F.3d 131 (2d Cir. 2013), stated that to determine whether relief is "just and proper" under Section 10(j), the court need only look at (1) whether the employees' collective bargaining rights may be undermined by the alleged unfair labor practices and (2) whether any further delay may impair or undermine such bargaining in the future. <u>Murphy for & on behalf of Nat'l Labor Relations Bd. v. Cayuga Med. Ctr. of Ithaca</u>, No. 17-MC-0004, 2017 WL 1093206, at *6 (N.D.N.Y. Mar. 22, 2017). To the extent that the district court failed to incorporate "traditional equitable principles," <u>Kreisberg</u>, 732 F.3d at 141, in its "just and proper" analysis, this is incorrect.

"In this Circuit, injunctive relief under § 10(j) is just and proper when it is necessary to prevent irreparable harm or to preserve the status quo . . . While this standard preserves traditional equitable principles governing injunctive relief, we are mindful to apply them in the context of federal labor laws." <u>Hoffman</u>, 247 F.3d at 368 (2d Cir. 2001); <u>see also</u> <u>Kreisberg</u>, 732 F.3d at 141. <u>Kreisberg</u> explained that "the 'just and proper' prong of the § 10(j) injunctive relief standard for labor disputes incorporates elements of the four-part standard for preliminary injunctions that applies in other contexts"; we did not direct district courts to ignore all other equitable considerations, such as patient safety. <u>Id.</u> Because the district court misapplied our precedent, it abused its discretion in finding that injunctive relief is "just and proper."

    **3.** CMC invites us to revisit our reliance on a two-part test to evaluate Section 10(j) petitions, and move instead on a four-part balancing test. We decline to revisit our precedent.

Accordingly, the decision of the district court is **VACATED**, and the case is **REMANDED** for further proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK